**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 21-cv-01504-CMA-MEH

JOSE GARCIA,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

      Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS BUT DENYING
DEFENDANT'S REQUEST FOR ATTORNEY'S FEES**

---

      This matter is before the Court on Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss in Part. (Doc. #10.) For the following reasons, the Court grants the Motion to Dismiss, but denies the request for attorney's fees.

## I.    BACKGROUND

      This is an insurance bad faith case arising from a motor vehicle accident that occurred on September 18, 2019. *See* (Doc. # 4.) On that date, Plaintiff Jose Garcia was stopped at a red light when another driver, Marc Sandoval, a non-party in this case, collided with Plaintiff. (Doc. # 4, ¶¶ 9–11.) Plaintiff suffered $52,572.13 in medical bills and an unspecified head injury. (Doc. # 4, ¶¶ 20–22.) Plaintiff recovered $100,000 from Mr. Sandoval's insurance. (Doc. # 22 at p. 1.)

After the accident, Plaintiff submitted an underinsured motorist ("UIM") claim to Defendant, seeking additional coverage on top his $100,000 recovery from Mr. Sandoval. (*Id.*); (Doc. # 4, ¶¶ 20–22.) Plaintiff did not receive payment from Defendant for this claim. (Doc. # 4, ¶ 24.)

Plaintiff sued Defendant in state district court, alleging that Defendant had "not fairly evaluated Plaintiff's claim," and that Defendant's failure to evaluate the claim was without a "reasonable basis." (Doc. # 4, ¶¶ 25, 35.) Plaintiff brought three claims for relief: (1) breach of contract; (2) statutory bad faith under Colo. Rev. Stat. §§ 10-3-1115 & 1116; and (3) common law bad faith of insurance. (Doc. # 4.) Defendant removed the matter to this Court based on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. # 1.)

Defendant now seeks dismissal of claims 2 and 3 – the bad faith claims – on the grounds that Plaintiff has failed to allege two essential elements of those claims. (Doc. # 10.) Specifically, Defendant argues that Plaintiff has failed to allege facts which, if proven, would establish (1) that Plaintiff is entitled to UIM benefits, or (2) that Defendant unreasonably denied payment of those benefits. (Doc. # 10). Plaintiff counters that he did plead such facts, (Doc. # 22, p. 3), and that his allegations are sufficient to show both statutory and common law bad faith. (Doc. # 22, p. 5.) The Court agrees with Defendant.

## II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R.

Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 679-81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th

Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## III.   DISCUSSION

### A.   STATUTORY UNREASONABLE DELAY AND DENIAL CLAIM

Defendant first argues that Plaintiff has not sufficiently pleaded a statutory claim for unreasonable delay or denial of benefits pursuant to C.R.S. § 13-3-1115. (Doc. # 10, pp. 4–6.) The Court agrees.

To plead a plausible claim under Colorado's bad-faith statute, C.R.S. § 13-3-1115(2), a plaintiff must allege facts which, if proven, would establish that (1) the defendant denied or delayed payment of benefits to the plaintiff, and (2) the defendant's denial or delay of payment was without a reasonable basis. *Stemple v. State Farm Mut. Auto. Ins. Co.*, No. 17-cv-02381-CMA-STV, 2019 U.S. Dist. LEXIS 110977, 2019 WL 2866587, *3 (D. Colo. July 3, 2019); Colo. Jury Instr., Civil 25:4. However, a bad-faith claim must fail if the plaintiff was not entitled to benefits under the policy. *Gerald H. Phipps, Inc. v. Travelers Property Cas. Co. of Am.*, 679 Fed. Appx. 705, 710 (10th Cir. 2017) ("[i]t is settled law in Colorado that a bad faith claim must fail if, as in the case here, coverage was properly denied").

The allegations in the Complaint fail to plausibly allege that Plaintiff was entitled to benefits under the policy. Plaintiff alleges that he had roughly $50,000 in damages and that he recovered nearly twice that amount from the at-fault driver, leaving Plaintiff with a net gain of almost $50,000. Although Plaintiff now claims that he is entitled to even more money from his own insurance company, he fails to provide facts to support this claim. Specifically, Plaintiff fails to explain why the $100,000 recovery he obtained from the at-fault driver is insufficient to cover his damages.

Plaintiff asserts, however, that paragraphs 20-22 of the Complaint establish "that benefits were owed" and paragraphs 23-33 and 46-55 establish that Defendant "unreasonably denied payment of these benefits." (Doc. # 22, p. 3.) The Court disagrees. These allegations merely establish that Plaintiff submitted medical bills to Defendant; not that the at-fault driver was underinsured or that Plaintiff was entitled to recover additional benefits from Defendant. Although Plaintiff claims to have suffered an "ongoing" head injury, this allegation is vague and conclusory: his Complaint contains no details about the nature, extent, or medical bills incurred as a result of that injury. Therefore, this unsupported allegation is not entitled to a presumption of truth, and it does not overcome dismissal. *See Iqbal*, 556 U.S. at 678 ("Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.").

Plaintiff also argues that Defendant failed to properly investigate his claim. (Doc. # 4, ¶ 28.) But Plaintiff fails to explain why an investigation was necessary. Based on the information provided in the Complaint, the Defendant had no reason to conduct an investigation. The Complaint merely states that Plaintiff informed Defendant that he had

roughly $50,000 in medical bills. Since Plaintiff had already recovered nearly double that from the at-fault driver, Defendant had no basis to believe coverage was available under Plaintiff's UIM policy. Nothing in the Complaint suggests that Plaintiff had additional damages in excess of the $100,000 recovery, so Defendant had no reason to investigate Plaintiff's demands for additional benefits under his insurance policy.

Plaintiff also alleges, however, that Defendant failed "to meet the claims-handling standards set forth in State Farm's own claim handling manuals and internal standards." (Doc. # 4, ¶ 28). This allegation is vague and conclusory. Plaintiff offers no other factual allegations to establish what Defendants "claim handling manuals" said, or what "internal standards" were violated. Therefore, this allegation is not entitled to a presumption of truth, and it does no suffice to avoid dismissal.

Consequently, Plaintiff has failed to establish either that he was entitled to benefits under his UIM policy with Defendant or that Defendant acted unreasonably by failing to investigate his unsupported claim, both of which are fatal to his case. Therefore, Plaintiff's statutory bad faith claim is dismissed for failure to state a claim upon which relief may be granted.

## B.    COMMON LAW BAD FAITH CLAIM

Defendant also argues that Plaintiff has not pleaded sufficient factual allegations to support his claim for common law bad faith. (Doc. # 10 at pp. 5–6.) Again, the Court agrees.

To succeed on a common law insurance bad faith claim, the insured "must prove that (1) the insurer's conduct was unreasonable, and (2) the insurer either had

knowledge of or reckless disregard for the fact that its conduct was unreasonable." *Drobek v. Government Employees Ins. Co.*, No. 16-cv-02512-MSK-NYW, 2017 U.S. Dist. LEXIS 231531, 2017 WL 11546217, at *8 (D. Colo. March 6, 2017) (quoting *Kisselman v. Am. Family Mut. Ins. Co.*, 292 P.3d 964, 970 (Colo. App. 2011) (internal quotation marks omitted)). "Whether an insurer has in bad faith breached its duties to an insured is a question of reasonableness; in other words, would a reasonable insurer under the circumstances have denied or delayed payment of the claim under the facts and circumstances." *Id.* (quoting *TAF, L.L.C. v. Hartford Fire Ins. Co.*, 549 F. Supp. 2d 1282, 1289 (D. Colo. 2008) (internal quotation marks omitted)).

Plaintiff has failed to plausibly allege either element of a common law bad faith claim. As already addressed, Plaintiff failed to allege sufficient facts to establish that Defendant's denial of his claim was unreasonable because he did not sufficiently allege he was entitled to insurance benefits from Defendant. Therefore, Plaintiff's Complaint fails to allege facts which, if true, would demonstrate that Defendant's failure to investigate his insurance claim was unreasonable under the circumstances.

Further, Plaintiff has also failed to plausibly allege that Defendant had any knowledge of or acted with reckless disregard for the fact that its conduct was unreasonable. In fact, Plaintiff's sole allegation in the Complaint about Defendant's knowledge or reckless disregard toward his situation was:

> 60. As set forth herein, Defendant State Farm knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

(Doc. # 4 at ¶ 60.)

This allegation is part of a wholly conclusory recitation of the elements of a common law bad faith claim which, without further factual enhancement, is not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff has failed to plausibly allege that Defendant had any knowledge of or acted with reckless disregard to any allegedly unreasonable conduct.

Plaintiff argues, however, that "'[a]n insurer's deviation from industry standards [and] failure to follow its own investigative procedures . . . is evidence of bad faith." (Doc. # 22, p. 4.) This argument is inapposite: Plaintiff has failed to plausibly allege that Defendant did either of these things. For example, though Plaintiff argues that Defendant "knowingly violated Colorado insurance industry standards," (Doc. # 4, ¶ 52), he fails to state what those standards are, or how Defendant deviated from them. And though Plaintiff alleges that Defendant's employees are trained in Defendant's "claim handling procedures," (Doc. # 4, ¶ 37), it fails to explain what those procedures are, or how they were violated. Consequently, Plaintiff has not alleged any plausible, non-conclusory facts to suggest that Defendant's denial of his claim was unreasonable. Therefore, Plaintiff's common law bad faith claim is dismissed.

## C.    BREACH OF CONTRACT CLAIM

Finally, Plaintiff's remaining cause of action, breach of contract, is also subject to dismissal. As discussed above, Plaintiff has failed to plead facts which would support a finding that Defendant breached its insurance contract with Plaintiff. Rather, Plaintiff relies on vague and conclusory allegations that he was somehow "entitled to be compensated by Defendant" under his policy. (Doc. # 4 at ¶ 44.) These allegations are

not entitled to a presumption of truth, and they do not suffice to overcome dismissal. Therefore, and for the reasons set forth above, Plaintiff's breach-of-contract claim is dismissed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (A court may *sua sponte* dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is patently obvious that the plaintiff could not prevail on the facts alleged").

**D.   DEFENDANT'S ATTORNEY'S FEES AND COSTS**

Finally, Defendant seeks an award of "reasonable attorney fees and costs pursuant to C.R.S. § 10-3-1116." (Doc. # 10 at p. 7.) The Court denies this request.

Colorado law authorizes the recovery of attorney fees where a party or its attorney brings or defends an action that is "frivolous." Colo. Rev. Stat. § 10-3-1116 (5). A frivolous action is one "based on indisputably meritless legal theory, or whose factual contentions are clearly baseless." *Thorpe v. Ancell*, 367 F. App'x 914, 919 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A claim is frivolous if its proponent can offer "no rational argument based on the evidence or law in support of that claim or defense." *W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1068 (Colo. 1984). Even if the proponent is ultimately unsuccessful in their argument, this does not render their claim frivolous where they put forth a "good faith presentation of a legal theory which [i]s arguably meritorious." *SaBell's, Inc. v. City of Golden*, 832 P.2d 974, 978 (Colo. App. 1991).

Although the Court has found that Plaintiff's factual contentions are incomplete, it does not find that those contentions "are clearly baseless." Therefore, the Court does

not find that Plaintiff's Complaint was frivolous, and Defendant's request for an award of its attorney's fees is denied.

## IV.    CONCLUSION

For the foregoing reasons, Defendant State Farm's Motion to Dismiss in Part (Doc. # 10) is GRANTED IN PART AND DENIED IN PART. Plaintiff's Complaint (Doc. # 4) is DISMISSED WITHOUT PREJUDICE. Defendant's request for attorney fees is DENIED.  Plaintiff shall have up to and including December 20, 2021, within which to 14 to file an amended complaint that resolves the pleading deficiencies identified herein. Should Plaintiff fail to amend his complaint by that date, his claims will be dismissed with prejudice.

DATED:  December 6, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge